JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JESSICA NIEVES

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fred Davis Esq., 500 Office Center Drive, Suite 400, Ft. Washington, PA 19034; 1-855-432-8475

## DEFENDANTS
MIDLAND FUNDING, LLC

County of Residence of First Listed Defendant   SAN DIEGO, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Lawrence J. Bartel, Esq., 2000 Market Street, Suite 2300, Philadelphia, PA 19103 (215)575-2780.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
05/18/2016

SIGNATURE OF ATTORNEY OF RECORD
*Lawrence J. Bartel*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff    Jessica Nieves  c/o Fred Davis Esq – 500 Office Center Drive, Suite 400, Ft. Washington, PA 19034

Address of Defendant    Midland  Funding, LLC c/o Lawrence J. Bartel – 2000 Market Street, Ste. 2300, Philadelphia, PA 19103

Place of Accident, Incident or Transaction    Philadelphia County, Pennsylvania
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))     Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐    No ☒
*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes ☐    No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
     action in this court?     Yes ☐    No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously
     terminated action in this court?     Yes ☐    No ☒

CIVIL:  (Place ✓ in ONE CATEGORY ONLY)

| | A. *Federal Question Cases:* | | B. *Diversity Jurisdiction Cases* |
|---|---|---|---|
| 1. | ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ FELA | 2. ☐ | Airplane Personal Injury |
| 3. | ☐ Jones Act-Personal Injury | 3. ☐ | Assault, Defamation |
| 4. | ☐ Antitrust | 4. ☐ | Marine Personal Injury |
| 5. | ☐ Patent | 5. ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ Labor-Management Relations | 6. ☐ | Other Personal Injury (Please specify) |
| 7. | ☐ Civil Rights | 7. ☐ | Products Liability |
| 8. | ☐ Habeas Corpus | 8. ☐ | Products Liability – Asbestos |
| 9. | ☐ Securities Act(s) Cases | 9. ☐ | All other Diversity Cases |
| 10. | ☐ Social Security Review Cases | | (Please specify) |
| 11. | ☒ All other Federal Question Cases | | |

(Please specify)    Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Lawrence J. Bartel _____    counsel of record do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE    May 18, 2016        *Lawrence J Bartel*                                 94006
                            Attorney-at-Law                                  Attorney I.D. #

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE    May 18, 2016        *Lawrence J Bartel*                                 94006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JESSICA NIEVES | : | CIVIL ACTION |
| v. | : | |
| MIDLAND FUNDING, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                         ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                    ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.       ( )

| | | |
|---|---|---|
| May 18, 2016 | _Lawrence J. Bartel_ | Defendant,<br>Midland Funding, LLC |
| Date | Attorney-at-law | Attorney for |
| | | LJBartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSICA NIEVES,** | |
| Plaintiff, | **Civil Action No.** |
| v. | |
| **MIDLAND FUNDING, LLC** | |
| Defendant. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Funding, LLC ("MF"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Jessica Nieves v. MIDLAND FUNDING, LLC</u>, docket no. 160401264, as filed in the Court of Common Pleas for Philadelphia County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.  On or about April 13, 2016 Plaintiff filed the Action in the Court of Common Pleas for Philadelphia County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2.  MF first received notice of the Action on or about April 18, 2016, when it were served with Plaintiff's Complaint.

3.  Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. <u>See</u> 28 U.S.C. § 1446(b).

4.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by MF pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.     In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Philadelphia County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.     Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Philadelphia County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By: *Lawrence J. Bartel*
Lawrence J. Bartel
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2780 / (215) 575-0856 (f)
MEFitzgerald@mdwcg.com
Attorneys for Defendants
Midland Funding, LLC

Dated: May 18, 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JESSICA NIEVES,**

               Plaintiff,

    v.

**MIDLAND FUNDING, LLC**

            Defendant.

**Civil Action No.**

## CERTIFICATE OF SERVICE

I, Lawrence J. Bartel, do hereby certify that a true and correct copy of Defendant, Midland Funding, LLC's Notice of Removal was served upon the below-listed counsel of record by regular mail on <u>May 18, 2016</u>.

Fred Davis, Esquire
500 Office Center Drive, Suite 400
Ft. Washington, PA 19034

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:    _Lawrence J. Bartel_
Lawrence J. Bartel
Attorneys for Defendant
Midland Funding, LLC

Dated: <u>May 18, 2016</u>

# EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 01/17/2017
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial de novo on appeal from a decision entered by a Judge.

Fred Davis, Esquire
Identification No. 93907

DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

JESSICA NIEVES
6312 Tulip St.
Phila, PA
19135

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

*Plaintiff*

CIVIL ACTION

v.

MIDLAND FUNDING, LLC
8875 Aero Dr.-Ste 200
San Diego, CA
92123

DOCKET NO.:

*Defendant*

NOTICE TO DEFEND
CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this complaint and
notice are served, by entering a written appearance personally or by attorney and filing in
writing with the court your defenses or objections to the claims set forth against you.
You are warned that if you fail to do so the case may proceed without you and a
judgment may be entered against you by the court without further notice for any money
claimed in the complaint or for any other claim or relief requested by the plaintiff. You
may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE
THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL
HELP.

Case ID: 160401264

PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO
SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Phila, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas
demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al
partir de ia fecha de la demanda y ia notificacion.  Hace falta asentar una comparencia
escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas
o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se
defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin
previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y
requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede
perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE
ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.
VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA
DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE
PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Phila, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

Fred Davis, Esquire
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES HEARING IS
REQUESTED.

---

| | |
|---|---|
| JESSICA NIEVES<br>6312 Tulip St.<br>Phila, PA<br>19135<br><br>*Plaintiff*<br><br>v.<br><br>MIDLAND FUNDING, LLC<br>8875 Aero Dr.-Ste 200<br>San Diego, CA<br>92123<br><br>*Defendant* | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br><br><br><br><br><br>CIVIL ACTION |

## **COMPLAINT**

1.    Plaintiff, JESSICA NIEVES, is an adult individual citizen and
legal resident of the State of Pennsylvania, living at 6312 Tulip St., Phila, Pa 19135.

2.    Defendant, MIDLAND FUNDING, LLC, is a business corporation
qualified to and regularly conducting business in, the Commonwealth of Pennsylvania,
with its legal residence and principal place of business at 8875 Aero Dr.-Ste 200, San
Diego, CA 92123. Defendant can be served at that address.

3.    Plaintiff avers that at all times material hereto, Defendant acted by
and through its authorized agents, servants, officers, and/or employees, including
Defendant, all of whom were acting within the scope of their employment.

Case ID: 160401264

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5.      Defendant regularly conducts business in the State of Pennsylvania and in the County of Philadelphia, therefore, personal jurisdiction is established.

6.      Venue is proper in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

7.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.      Plaintiff is a natural person residing in Phila, PA.

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), as the alleged debt at issue was acquired in the pursuit of consumer related purposes, such as purchasing household goods and supplies, clothing, food, and for other non-commercial goods and services.

10.     Defendant, MIDLAND FUNDING, LLC, is a company handling debt collection matters with headquarters located at 8875 Aero Dr.-Ste 200, San Diego, CA 92123.

11.     Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff as described above. Defendant identifies itself as a debt collector in virtual marketing and in court filings.

12.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     On January 11, 2016, Defendant filed a lawsuit against Plaintiff in the Philadelphia Municipal Court. *See Exhibit "A"*. The suit sought damages of $4,749.60 for an alleged default on a "GE CAPITAL RETAIL BANK" credit account ending in "7088"which Defendant alleged it purchased from "GE CAPITAL RETAIL BANK". *Id, see also Exhibit "B"*.

14.     Plaintiff further submits that Pennsylvania law requires written proof that the original parties to a contract agree in writing that the contract can subsequently be assigned to third-parties such as Defendant. At no time prior to, during or subsequent to the trial did Defendant produce any such agreement executed by Plaintiff and GE CAPITAL RETAIL BANK. As such, Plaintiff further alleges and avers that Defendant's lawsuit constituted an action which cannot be legally taken, because Defendant's lack of this written agreement means Defendant lacked standing to file the Philadelphia Municipal Court lawsuit, in violation of 15 U.S.C. §1692e.

15.     Plaintiff further alleges and avers Defendant made or caused to be made numerous, offensive phone calls to Plaintiff and unrelated third-parties attempting to collect the alleged "debt", and often times failed to properly identify itself, in violation of 15 U.S.C. §§ 1692c(a)(1) and d.

16.     Plaintiff further alleges and avers that Defendant failed to notify the relevant credit bureaus that the alleged debt was in dispute, in violation of 15 U.S.C. §

1692e.

17.     Plaintiff further alleges and avers that the unsworn affidavit Taylor Madison  misrepresents the legal nature and status of the alleged debt by referring to records which do not exist and were not produced by Defendant in the Municipal Court action, in violation of 15 U.S.C. § 1692e. *See Exhibit "B".*

18.     Plaintiff alleges and avers that Defendant misrepresented the legal status of the alleged debt by arguing that it was an assignee and/or successor in interest to "GE CAPITAL RETAIL BANK" without providing any documentary proof of assignment or charge-off by the "GE CAPITAL RETAIL BANK" which explicitly referenced Plaintiff or the alleged account at issue, and Defendant thereby violated 15 U.S.C. §1692e.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT

19.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a.     Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

b.     Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

c.     Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

d.     Attempting to collect an amount not authorized by contract or law in violation of 15 U.S.C. §1692f.

    e.  By acting in an otherwise deceptive, unfair and
unconscionable manner and failing to comply with the FDCPA.

    WHEREFORE, Plaintiff, JESSICA NIEVES, respectfully prays for a
judgment as follows:

    a.  All actual compensatory damages suffered pursuant to 15
U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for each violation of the
FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and
other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

Any other relief deemed appropriate by this Honorable Court.


    DAVIS CONSUMER LAW FIRM


By:  /s/_____
    Fred Davis-PA ID# 93907
    Attorney for Plaintiff, JESSICA NIEVES
    500 Office Center Drive-Suite 400
    Ft. Washington, PA  19034
    Tel – 1-855-432-8475/Facsimile-1-855-435-9294
    Email: fdavis@usacreditlawyer.com


Case ID: 160401264

## VERIFICATION

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: /s/_____
    Fred Davis-PA ID# 93907
    Attorney for Plaintiff, JESSICA NIEVES
    500 Office Center Drive-Suite 400
    Ft. Washington, PA    19034
    Tel – 1-855-432-8475/Facsimile-1-855-435-9294
    Email: fdavis@usacreditlawyer.com

Case ID: 160401264